UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LUTHER H. ROGERS and <br> CHARLEEN E. ROGERS, <br><br> Plaintiffs, <br><br> V. <br><br> TENNESSEE VALLEY AUTHORITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 3:11-CV-217 <br> ) (VARLAN/GUYTON) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PROTECTIVE ORDER

The parties having agreed to the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) to ensure that confidential information be disclosed only in designated ways, and to ensure that no trade secret, confidential, personal, or proprietary information is disclosed to the public, and the Court having found that such entry is well-advised and appropriate,

IT IS HEREBY ORDERED pursuant to Rule 26(c)(1):

1. As used in this Protective Order, these terms have the following meanings:

    (a) "Attorneys" means counsel of record;

    (b) "Confidential" documents are documents designated pursuant to Paragraph 2;

    (c) "Documents" are all materials within the scope of Federal Rule of Civil Procedure 24;

    (d) "Outside Vendors" means litigation support service providers (e.g.

(e) "Producing Party" means any Party that produces Confidential Documents in the course of this litigation;

(f) "Receiving Party" means any Party to this litigation that receives Confidential Documents in the course of this litigation; and

(g) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a Document "Confidential" to protect information within the scope of Federal Rule of Civil Procedure 26(c)(1). In advance of producing any Document it intends to designate as "Confidential," the Producing Party shall stamp or otherwise mark each page of the Document as **Confidential–Subject to Protective Order**, and it shall do so in a manner that will not obliterate or obscure any written material. With respect to any Confidential Document that is not reduced to a tangible form or that cannot reasonably be labeled in this manner, the Producing Party shall inform the Receiving Party in writing at the time of production.

3. By identifying a Document or portion of a Document as "Confidential," a Party may designate any Document (including interrogatory responses, other discovery responses, or transcripts) that it in good faith contends to constitute or contain Confidential information. The Producing Party will only designate as "Confidential" those portions of a Document or deposition that actually contain Confidential information.

4. All Confidential Documents, along with the information contained therein, shall be used solely for the purpose of this litigation. No person receiving such Documents shall- directly or indirectly- use, transfer, disclose, or communicate in any way the Documents or their contents to any person other than those specified in Paragraph 5. Any other use is prohibited.

5. Access to any Confidential Document shall be limited to:

   (a) The Court and its staff;

   (b) The Parties, their counsel of record, and their in-house counsel who have agreed to be bound by the terms of this Protective Order. For counsel of record, this includes the partners, associates, legal assistants, secretaries, and employees of the counsel of record to the extent considered reasonably necessary to render professional services in this litigation;

   (c) Outside Vendors, provided that they first execute a Written Assurance;

   (d) Persons shown on the face of the Document to have authored or received it;

   (e) Court reporters retained to transcribe testimony;

   (f) Any employee of any Party, any spouse, guardian or conservator of any Party, or any treating physician of any Party whose review is necessary to the prosecution or defense of this litigation, provided that they first execute a Written Assurance;

   (g) Outside independent persons and their employees and retained independent contractors who are retained by a Party or its Attorneys to furnish technical or expert services and/or give testimony in this litigation, provided that they first execute a Written Assurance;

   (h) Such other persons as (i) the Producing Party's counsel shall consent to, in writing, before the proposed disclosure or (ii) as otherwise ordered by the Court, provided that, in either case, such persons first execute a Written Assurance.

However, nothing in this Protective Order shall restrict any use by a Producing Party of its own Confidential Documents.

6. Third parties producing Documents in the course of this litigation may also designate Documents as "Confidential," subject to the same protections and constraints as the Parties to this litigation. A copy of the Protective Order shall be served along with any subpoena served in connection with this litigation. All Documents produced by such third parties shall be treated as Confidential for a period of ten (10) business days from the date of their

production; and during that period any Party may designate such Documents as "Confidential" pursuant to the terms of the Protective Order, in which case such Documents shall be treated as though designated "Confidential" at production.

7. Each person appropriately designated pursuant to Paragraphs 5(c), (f), (g), or (h) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Counsel providing access to Confidential Documents shall retain a copy of all executed Written Assurances it obtains. For testifying experts, a copy of the Written Assurance shall be furnished at the time the expert's designation is served, or at the time Confidential Documents are provided to the testifying expert, whichever is later. Any Party seeking a copy of any other executed Written Assurances may make a demand in writing setting forth the reasons for the demand, to which the opposing Party will respond in writing. If the dispute cannot be resolved, the demanding Party may move the Court for an order compelling production upon a showing of good cause and compliance with the Discovery Dispute procedure outlined in the Order on Discovery and Scheduling entered in this matter.

8. To the extent a person with access to Confidential Documents creates a writing or other record that reproduces the substance of Confidential information, such writing or other record shall itself be marked as "Confidential" and be subject to the terms of this Protective Order.

9. All depositions or portions of depositions taken in this litigation that contain Confidential information may be designated "Confidential" and thereby obtain the protections accorded other Confidential Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to opposing counsel within 45 days following the date of the deponent's deposition testimony or 15 days following the designating Party's

receipt of the transcript, whichever is shorter. Any nonparty attending a deposition shall agree on the record at the start of the deposition to be bound by the terms of this Protective Order should Confidential information be discussed.

10. Prior to any hearing or trial at which the use of Confidential Documents is anticipated, the parties shall meet and confer regarding procedures for the use and protection of Confidential Documents. If the Parties cannot agree, the Parties shall request the Court to rule on such procedures, after complying with the Discovery Dispute procedure outlined in the Order on Discovery and Scheduling entered in this matter.

11. Any party who inadvertently fails to stamp or otherwise mark a Document the Party intended to be designated as "Confidential" (the "Unstamped Document") shall promptly, upon discovery of its oversight, provide written notice of the oversight and shall provide a substitute Document that is stamped or otherwise marked as "Confidential" as set forth in Paragraph 2. Any Party receiving such written notice shall retrieve the Unstamped Document from persons not entitled to receive Confidential Documents and, upon receipt of the substitute Document, shall return or destroy the Unstamped Document.

12. Any Producing Party who inadvertently discloses Documents that are privileged or otherwise protected from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request in writing that the Documents be returned. Within 10 days of receiving such a written request, the Receiving Party shall (i) return such inadvertently produced Documents to the Producing Party, including all copies; (ii) delete any versions of such inadvertently produced Documents maintained in electronic form, such as any database the Receiving Party maintains; and (iii) make no use of the information contained therein. The Receiving Party may thereafter seek re-production of any such

Documents pursuant to applicable law. Once the Producing Party requests that the Receiving Party return the Documents and at all times thereafter, the Receiving Party shall neither refer to the privileged or protected material in any manner (whether written or oral, in any interrogatory, request for admission, document request, interview, deposition, oral argument, trial or submission to the Court) nor disclose the substance of that material to any third party, except that the Receiving Party may reference the claimed privilege or protected material in order to challenge the designation as privileged or otherwise protected with the Court in an *in camera* filing challenging such claim of privilege or protection.

13. If a party files a Document containing Confidential information with the Court, it shall do so in compliance with Rule 12 of the Electronic Case Filing Rules and Procedures for the Eastern District of Tennessee.

14. Any Party may request a change in the designation of any Document designated as "Confidential." Any such Document shall be treated as Confidential until the change is completed. The Party seeking the change shall notify the Producing Party of such dispute in writing, specifying by exact Bates number(s) the Confidential Documents in dispute; the Producing Party shall respond in writing within 10 business days. If the requested change in designation is not agreed to, the Party asserting that the material is Confidential shall, comply with the Discovery Dispute procedure outlined in the Order on Discovery and Scheduling entered in this matter. If no agreement is reached and no motion is made within the prescribed time period therein, any claim of confidentiality is waived. The party or third party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of the protection afforded by Federal Rule of Civil Procedure 26(c).

15. Nothing shall prevent disclosure beyond that limited by this Order if the Producing Party consents in writing to such disclosure.

16. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to the discoverability or admissibility of evidence.

18. In the event a Receiving Party is served with legal process, other than an order of a court or tribunal, seeking the production of Confidential Documents obtained through discovery in this litigation and protected hereunder, the Receiving Party shall promptly notify the Producing Party whose Confidential Documents are sought of the service of the legal process and afford the Producing Party an opportunity to object thereto. The Receiving Party shall not produce any Confidential Documents in response to the legal process, except as ordered by a court or tribunal, until the Producing Party has had an opportunity to object to such process and either declined to object or the Producing Party's objection has been overruled and all appeals therefrom exhausted. In addition, the person subpoenaed must inform the subpoena's issuer of this Protective Order and provide the subpoena issuer with a coopy of this Protective Order.

19. In the event a Receiving Party is ordered by a court or a tribunal to produce Confidential Documents, the Receiving Party shall immediately notify the Producing Party. The Receiving Party shall not produce the Confidential Documents prior to the date of production specified in the order of the court or tribunal.

20. The obligations imposed by the Protective Order shall survive termination of this litigation.

21. Within 60 days of the termination of this litigation, including any appeals, or within such other time period as the parties may agree upon or the Court order hereafter, each Party shall either destroy or return to the opposing Party all Documents designated by the opposing Party as "Confidential," and all copies of such Documents, and shall destroy all extracts and/or data taken from such Documents. Each Party shall provide a certification as to such return or destruction within the said period. However, Attorneys shall be entitled to retain a set of all Documents filed with the Court and all correspondence generated in connection with the litigation.

22. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this litigation, or within such other time period as the parties may agree upon or the Court order hereafter, the Parties shall remove any materials designated "Confidential" from the office of the Clerk of the Court. Following that said period, the Clerk of the Court shall destroy all Confidential Documents.

23. Nothing herein waives a Party's right to challenge another Party's confidentiality designation.

24. Upon written agreement of the parties affected by a particular issue concerning confidentiality under this Order, any term of this Protective Order may be modified.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of \_\_\_\_\_. My telephone number is_____. I am currently employed by _____ located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. _____, pending in the United States District Court for the Eastern District of Tennessee. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any Documents, copies of Documents, or content of Documents, designated as "Confidential" pursuant to such Protective Order to any person other than those specifically authorized to access such Documents by the Protective Order. I shall not copy or use such Documents except for the purposes of this litigation and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this litigation, I shall return to the attorney from whom I received them, any Documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Documents.

I hereby agree to submit to the Jurisdiction of the United States District Court for the Eastern District of Tennessee in connection with any matters relating to this Protective Order, including without limitation, enforcement of this Order and imposition of sanctions.

Executed on: _____
        (Date)

                                        _____
                                           (Signature)