UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LUTHER H. ROGERS and ) | |
| CHARLEEN E. ROGERS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:11-CV-217 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| TENNESSEE VALLEY AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER ESTABLISHING PRESERVATION PLAN FOR DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

After considering the positions of the parties, the Court enters the following Order governing the preservation of documents and electronically stored information in these matters.

**I.  SCOPE OF PLAN FOR PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

This Plan does not address, limit, or determine the relevance, discoverability or admission into evidence of any Record (as defined below), regardless of whether the Record is to be Preserved (as defined below), pursuant to the terms of this Plan.  This Plan does not expand any record Preservation requirements under the Federal Rules of Civil Procedure, and it does not limit any protection provided by Rule 37(f).  This Preservation Plan follows and succeeds the Interim Order Regarding Preservation [Doc.3-2] entered by the Court on January 30, 2009, in *Giltnane, et al. v. Tennessee Valley Authority*, and subsequently applied by the Court in all related cases [Doc. 14].  The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents and electronically stored information ("ESI") Preserved under this Plan.  This Plan does not address the Parties' respective responsibilities for the costs of retrieving or producing documents or ESI that may be subject to discovery.

## II. DEFINITIONS

A. "Parties" shall mean all named Plaintiffs and all named Defendants in any currently filed action arising from the December 22, 2008 failure of a dike adjacent to the Kingston Fossil Plant Reservation.

B. "Records" shall have the same meaning as "documents" as defined in Federal Rule of Civil Procedure 34(a). Records shall also include ESI as contemplated by the Federal Rules of Civil Procedure and writings, recordings and photographs as stated in Rule 1001 of the Federal Rules of Evidence.

C. "Retained Records" shall mean Records described in Attachment 1 and not otherwise exempted from "Preservation" by this Plan.

D. "Disaster Recovery Backup Systems" refers to computer systems used to create a copy of data as a precaution against the loss or damage of the original data.

E. "Disaster Recovery Backup Media" refers to magnetic tapes used to store copies of data, for use when restoration or recovery of data is required.

F. "Preservation" (and all its variants) shall mean taking reasonable steps to prevent the destruction of Retained Records in the possession, custody, or control of a Party.

G. "Cache File" shall mean a dedicated, high-speed storage location which can be used for the temporary storage of frequently used data.

H. "Cookie File" shall mean a file created by web browsers on the user's hard drive, which is used to identify the user and the user's preferences when accessing websites.

I.  "Draft" (and all of its variants) shall mean a Record which:

   i. has not yet been put into final form by its author or creator; *and*

   i. has not been shown, delivered, posted or published in whole or in part (on paper or electronically) to anyone other than the author or creator.

J  "Identical Copy" (and all of its variants) shall mean:

   i. A paper Record that is a full and complete copy of the original paper Retained Record. A full and complete copy does not include a copy of a paper Retained Record that differs from the original paper Retained Record because of highlights, underlining, marginalia, total pages, attachments, notes, markings, or other alterations. Each such differing copy shall itself be considered an original paper Retained Record and not an Identical Copy.

   ii. An electronic Record that is an exact duplicate or copy of the original electronic Retained Record. An exact duplicate or copy does not include a copy of an electronic Retained Record that differs from the original electronic Retained Record because of the inclusion of highlights, underlining, marginalia, total pages, attachments, notes, markings, revisions, versioning, tracked changes, or other alterations. Each such differing copy shall itself be considered an original electronic Retained Record and not an Identical Copy.

**X. RECORDS REQUIRED TO BE PRESERVED**

3
Case 3:11-cv-00217-TAV-HBG   Document 16   Filed 09/01/11   Page 3 of 11   PageID #: 62

A. Only the Records described in Attachment 1 are required to be Preserved, unless otherwise specifically exempted from the Preservation Plan by sections IV and V below. Records described in Attachment 1 and not otherwise exempted from Preservation by this Plan are referred to as "Retained Records" in this Plan.

B. The Parties shall undertake Preservation of Retained Records in their possession during the pendency of this action, including any appeals.

C. For Retained Records required to be Preserved under this Plan, the Parties may retain the Records in whatever media the Party undertaking Preservation chooses, paper or electronic (including optical images of paper or electronic Records). This Plan does not obligate Parties to segregate such Retained Records from other Records or Disaster Recovery Backup Media where they may reside, except where reasonably necessary to assure their continued Preservation. This Plan does not obligate Parties to image records otherwise stored in paper form, and it does not obligate Parties to retain paper Records if they have been imaged. For paper Retained Records, the creation of an electronic duplicate of the Retained Record (including, but not limited to, an optical image) does not alter the Retained Record status of the original paper Record. Rather, the party shall be required to retain the original of the paper Retained Record, despite the electronic copy. Additionally, the terms of this paragraph shall not allow a party to escape the duties imposed by Section III F below.

D. Provided that it is otherwise complying with Preservation obligations with respect to Retained Records required to be Preserved under this Plan, no Party shall be required to undertake Preservation efforts with regard to Disaster Recovery Backup Media.

E.  Parties' Preservation obligations will be met by striking a balance between Preservation of what Parties know is relevant in this litigation and what Parties reasonably should know is relevant to this litigation, and by the Parties' good faith needs to maintain their information systems in a manner permitting the Parties to continue the conduct of their businesses and/or personal affairs.  As made clear by the language of this Plan, Parties recognize that the manner in which each Party chooses to meet its Preservation obligations is left to that Party's discretion.  Parties further re-emphasize that they are not required to Preserve every Record , or to freeze information systems.  And it is unnecessary for Parties to Preserve, search or collect from sources that are not reasonably accessible because of undue burden of costs, including, for example, retired computers, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, Disaster Recovery Backup Media, deleted or corrupted files or file fragments, or electronic files with unknown extensions, unknown password protections or viruses.  However, after the entry of this Order, in the event that a party seeks to retire a hard drive or other electronic storage media containing Retained Records, or in the event that a hard drive or other electronic storage media containing Retained Records breaks, the party shall provide written notice to all other parties and shall retain the retired or broken equipment in a reasonably accessible location until the resolution of this lawsuit, unless all parties agree otherwise.  If the retention of such retired or broken equipment creates an undue burden on the party, it may seek relief from the Court.

F.  <u>Retained Records</u> The Parties shall Preserve Retained Records as follows:

1. <u>Paper Records</u>

For Retained Records maintained only in paper form, the original shall be preserved but Identical Copies need not be. The Parties shall make reasonable efforts to identify individuals reasonably likely to create or receive paper original Retained Records and shall notify them of their duties and obligations with respect to Preserving Retained Records under the terms of this Plan.

2. <u>Electronic Mail</u>

For electronic mail Retained Records, the Parties shall take reasonable steps to Preserve at least one copy of such Records, including any attachments, in native format with associated meta data. The Parties are not required to retain multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients, including blind copy recipients (bcc: recipients), can be identified from Retained Records. Where a subsequent electronic mail message contains all of the portions of an earlier message that are required to be Preserved under this paragraph (e.g., forwarded or replied-to messages), it is not necessary for the Party to Preserve the earlier message in addition to the subsequent inclusive message.

3. <u>ESI Other than E-Mail</u>

For ESI, other than e-mail, Parties shall take reasonable steps to Preserve at least one copy of such Records in native format with associated metadata. Without restricting the freedom to use reasonable alternate methods granted by section III E, the Parties may fulfill their Preservation obligations for other electronic Retained Records by making reasonable efforts to identify individuals who may create, possess or control such Records and notifying them of their duties and obligations with respect to Preserving such Records under the terms of this Plan.

## XI. RECORDS NOT REQUIRED TO BE PRESERVED

Notwithstanding any other provision of this Plan, the Parties have no obligation to Preserve the following:

A.   Disaster Recovery Backup Media, if an alternative means of Preserving Retained Records on the Disaster Recovery Backup Media exists and provided that the Party is otherwise Preserving Retained Records pursuant to this plan.;

B.   Telephone voicemail recorded messages made or left by the caller on or after May 1, 2009;

C.   Web content, including but not limited to, web browser files, Internet, intranet and extranet web pages, and their iterations;

D.   Transitory information not otherwise stored as part of business practices;

E.   Data created by the normal operation of computer systems, including but not limited to Cookie Files, Cache Files, residual data or documents, and temporary system files, and data fragments contained in slack space or unused portions of a hard drive that could only be read using forensic recovery tools;

F.   Identical copies; and

G.   Drafts.

## XII. PERMISSIBLE MODIFICATIONS AND ALTERATIONS OF RECORDS

Parties shall not be in violation of this Plan if electronically stored Records are inadvertently altered as a result of any of the following actions in the ordinary course of business:

A. Routine maintenance and operation of a Party's computer systems;

B. Upgrading, loading, reprogramming, customizing, or migrating software, even if such actions modify or alter the way data is maintained, stored or viewed, provided the data itself is not altered;

C. Inputting, accessing, updating or modifying data in a database, resulting in the database being modified or altered.

## XIII. IMPLEMENTATION AND MODIFICATION OF PLAN

A. The Court recognizes that a Party may need 90 days to put in place systems and procedures implementing the Plan. In the meantime, Parties will use reasonable efforts to Preserve relevant Records.

B. The Parties shall communicate the existence and substance of this Plan to those individuals and employees responsible for carrying out the Parties' obligations hereunder as well as individuals and employees likely to possess Records required to be Preserved. An e-mail or paper memorandum directed to such employees as well as those employees who maintain Records or are reasonably responsible for Records shall be sufficient to communicate these obligations.

C. Notwithstanding a Party's obligation to Preserve Retained Records in accordance with this Plan, a Party may send written notice to all Parties subject to the Plan of its intention to take action pursuant to routine policies and programs or as a result of other circumstances that would result in Retained Records being destroyed, lost, or otherwise altered. Such notice shall include a detailed description of the Retained Records that would be affected. If within 30 days after receiving such written notice, the requesting Party does not receive a written objection, then it shall be deemed that all other Parties have agreed to such destruction or alteration.

D. The Parties are directed to confer to resolve questions as to what Records are required to be Preserved under this Plan. Counsel for the Parties may stipulate and agree in writing that specific Records need or need not be Preserved. Any unresolved disputes shall be resolved by the Court upon motion.

E. In the event that any Party's data management systems are such as to make any term of this Plan unreasonably burdensome or impossible for that Party to comply with, Counsel for that Party and opposing counsel may negotiate and agree to any reasonable exception to or modification of this Plan. If such negotiation does not lead to an agreed upon modification, the Party may apply to this Court for an exception to or modification of this Plan.

9
Case 3:11-cv-00217-TAV-HBG   Document 16   Filed 09/01/11   Page 9 of 11   PageID #: 68

F. If the Parties are unable to agree as to what Records: (1) are outside the scope of this Plan, or (2) may be destroyed or otherwise altered pursuant to routine policies and programs, or (3) otherwise need not be Preserved, any Party may apply to the Court for clarification or relief from this Plan upon reasonable notice.

IT IS SO ORDERED.

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge

# **ATTACHMENT 1**

The Records to be retained during the pendency of this litigation and any appeals pursuant to this Plan are all documents, electronically stored information, and tangible items and things in the possession, custody, or control of the Parties that relate or refer to allegations, claims and/or defenses in the pleadings, as discussed and defined by Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.